NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GARCIA-GARCIA, | |
| *Petitioner*, | Civil Action No. 2:25-cv-02938 |
| v. | **MEMORANDUM OPINION AND** |
| FCI FORT DIX (WARDEN) | **ORDER** |
| *Respondent*. | March 18, 2026 |

**SEMPER**, District Judge.

Petitioner, a federal inmate currently confined at FCI Fort Dix, filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner challenges the execution of his federal sentence, asserting that the Bureau of Prisons ("BOP") may remove or revoke First Step Act ("FSA") earned time credits ("ETCs") due to the existence of an immigration detainer.  (ECF No. 1 at 2.)  Petitioner seeks prospective relief prohibiting the BOP from removing ETCs that he has already accrued.  (*Id.*)  For the reasons that follow, the Petition will be dismissed without prejudice.

A federal prisoner may invoke § 2241 to challenge the manner in which his sentence is executed, including the calculation of sentence credits by the BOP.  *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241–42 (3d Cir. 2005).  Because Petitioner is confined within this District and names his immediate custodian as Respondent, jurisdiction and venue are proper.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  At the screening stage, the Court must construe a *pro se* petition liberally and accept factual allegations as true, but may dismiss the petition if it plainly appears that the petitioner is not entitled to relief.  *See* Rule 4, Rules Governing Section

2254 Cases (applicable to § 2241 petitions); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

The Petition is not ripe for judicial review.  Article III limits federal jurisdiction to actual cases and controversies and prohibits federal courts from issuing advisory opinions based on hypothetical or contingent future injuries.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). A claim is not ripe where it rests upon contingent future events that may not occur as anticipated, or may not occur at all.  *See Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985)).

Here, Petitioner does not allege that the BOP has revoked his earned time credits or recalculated his sentence in a manner adverse to him.  (*See* ECF No. 1.)  To the contrary, Petitioner acknowledges that he is currently receiving ETCs and seeks an order protecting against their potential future removal.  (ECF No. 1 at 2–3, 8.)  Federal courts may not issue advisory or prophylactic rulings based on hypothetical future injuries.  *See Flast v. Cohen*, 392 U.S. 83, 96 (1968).  Because no concrete deprivation has occurred, the Petition is not ripe for judicial review, and dismissal is warranted on that basis.

Even if the Petition were ripe, dismissal would independently be required for failure to exhaust administrative remedies.  Although exhaustion is not a jurisdictional prerequisite under § 2241, it is a well-established prudential requirement.  *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760–62 (3d Cir. 1996).  Exhaustion serves important purposes, including allowing the agency to develop a factual record, apply its expertise, and potentially resolve disputes without judicial intervention.  *See Himmelreich v. Thompson*, No. 24-508 (RMB), 2024 U.S. Dist. LEXIS 37007, at *6 (D.N.J. Mar. 4, 2024) (citing *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012)).

Petitioner expressly concedes that he did not pursue any administrative remedy through the BOP's Administrative Remedy Program.  (ECF No. 1 at 3–4.)  Petitioner does not allege facts suggesting that exhaustion would be futile, unavailable, or incapable of providing relief.  (*Id.*)  The Third Circuit has consistently held that such a failure warrants dismissal without prejudice.  *See Moscato*, 98 F.3d at 762.

Finally, even affording the Petition the most liberal construction, Petitioner fails to state a cognizable constitutional or statutory claim.  (*See* ECF No. 1.)  Congress has vested the BOP— not the immigration courts—with authority to calculate and apply FSA earned time credits. *See* 18 U.S.C. §§ 3621, 3624(g).   While immigration judges have exclusive authority over removability determinations, that allocation of authority does not divest the BOP of its statutory role in administering sentence credits.  Disagreement with the BOP's interpretation or application of the FSA does not, standing alone, establish a violation of federal law.

Petitioner's Equal Protection claim is also conclusory.  (ECF No. 1 at 8.)  Petitioner does not allege that he has been treated differently from similarly situated inmates, nor does he identify discriminatory intent or effect.  (*Id.*)  Such bare assertions are insufficient to state an Equal Protection violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010).

For all of these reasons, the Court concludes that the Petition is unripe, unexhausted, and fails to state a cognizable claim for habeas relief.  Accordingly, the Petition will be dismissed without prejudice.   This dismissal is without prejudice to Petitioner's ability to pursue administrative remedies and, if necessary, to file a new § 2241 petition should the BOP take a concrete adverse action affecting his earned time credits.

Accordingly, for the reasons set forth above;

**IT IS** on this 18 day of March 2026,

**ORDERED** that the Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**;

and it is further

**ORDERED** that the Clerk shall serve a copy of this order upon Petitioner; and it is further

**ORDERED** that the Clerk is directed to **CLOSE** this matter.

**SO ORDERED**.

*/s/ Jamel K. Semper*

**Hon. Jamel K. Semper**
**United States District Judge**

Dated:          03/18/2026

4